**Victor LOPEZ–GILES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72387.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 13, 2006.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, William Campbell Erb, Jr., Attorney, Deborah N. Misir, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Victor Lopez Giles, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the order of an immigration judge ("IJ") denying his application for relief under 8 U.S.C. § 1182(c). Our jurisdiction is governed by 8 U.S.C. § 1252(a)(2)(D). We review de novo questions of law, *Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1009 (9th Cir. 2005), and we deny in part and dismiss in part the petition for review.

Lopez Giles contends that he was denied due process because the IJ exhibited bias and prevented him from reasonably presenting his case. Although the record demonstrates that the IJ disapproved of Lopez Giles' behavior and was at times hostile, her behavior does not sufficiently demonstrate that fair judgment was impossible. *See Liteky v. United States*, 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (judicial remarks that are critical, disapproving, or hostile, do not support a bias or partiality challenge unless the record shows that fair judgment was impossible). Further, there is nothing in the record which would indicate that

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Lopez Giles was unable to fully present his own testimony or that of his witnesses. *Cf. Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (finding due process violation where IJ refused to allow alien to testify regarding essential components of his case). Accordingly, Lopez Giles' hearing comported with due process.

Because Lopez–Giles did not raise the issue before the BIA, we lack jurisdiction to review his claim that the IJ applied the incorrect legal standard by requiring him to demonstrate extreme hardship. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir.2004) (to satisfy the exhaustion requirement, an alien cannot make a general challenge to an IJ's decision, but must specify the issues that form the basis of the appeal.)

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.